UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CNY FAIR HOUSING, INC., AMIJO JORDAL,
TIPHANI CARBONE, AMALEAH SPICER, EMILY
HAMELIN, SARITA ARELLANO, ANGEL
BARDIN, STEPHANIE YABLONSKI, and CARA
CAPPELLETTI,

Plaintiffs,

v.

DOUGLAS WATERBURY, E&A MANAGEMENT,
CO., and ONTARIO REALTY, INC.,

Defendants.

**ANSWER TO SECOND
AMENDED COMPLAINT
WITH COUNTERCLAIMS**

Civil Action No.: 5:17-CV-868

MAD/TWD

DEFENDANTS Douglas Waterbury, (hereinafter "Defendant Waterbury"), E&A Management, Co. ("E&A"), and Ontario Realty, Inc., ("Ontario") by and through their attorneys, Hancock Estabrook, LLP, for their Answer to Plaintiffs' Second Amended Complaint hereby respond as follows:

## NATURE OF ACTION

1.    ADMIT the allegations in Paragraph 1 only to the extent they purport to identify the nature of the action as seeking redress under the referenced statutes.

2.    DENY the allegations in Paragraph 2 of the Second Amended Complaint.

3.    DENY the allegations in Paragraph 3 of the Second Amended Complaint.

4.    DENY the allegations in Paragraph 4 of the Second Amended Complaint.

5.    DENY the allegations in Paragraph 5 of the Second Amended Complaint.

6.    DENY the allegations in Paragraph 6 of the Second Amended Complaint.

7.    DENY the allegations in Paragraph 7 of the Second Amended Complaint.

8.    DENY the allegations in Paragraph 8 of the Second Amended Complaint.

9.    DENY the allegations in Paragraph 9 of the Second Amended Complaint.

10.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 10 of the Second Amended Complaint and therefore, DENY same.

11.    DENY the allegations in Paragraph 11 of the Second Amended Complaint.

12.    DENY the allegations in Paragraph 12 of the Second Amended Complaint.

### JURISDICTION AND VENUE

13.    ADMIT the Court has subject matter jurisdiction.

14.    ADMIT that the Court has supplemental jurisdiction over the state law claim.

15.    ADMIT that venue is proper.

### PARTIES

16.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 16 of the Second Amended Complaint and therefore, DENY same.

17.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 17 of the Second Amended Complaint and therefore, DENY same.

18.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 18 of the Second Amended Complaint and therefore, DENY same.

19.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 19 of the Second Amended Complaint and therefore, DENY same.

20.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 20 of the Second Amended Complaint and therefore, DENY same.

21.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the remaining allegations in Paragraph 21 of the Second Amended Complaint and therefore, DENY same.

22.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to allegations in Paragraph 22 of the Second Amended Complaint and therefore, DENY same.

23.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 23 of the Second Amended Complaint and therefore, DENY same.

24.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 24 of the Second Amended Complaint and therefore, DENY same.

25.     ADMIT only that Mr. Waterbury is a resident of Oswego, New York and personally owns and manages residential property, and is affiliated with Defendants E&A and Ontario.  Defendants DENY the allegations as they relate to other named Defendants (E&A and Ontario) in Paragraph 25 of the Second Amended Complaint.

26.     ADMIT the allegations in Paragraph 26 of the Second Amended Complaint.

27.     ADMIT only that Defendant Ontario was at times listed as the landlord on certain leases, and has been involved in receiving rent payments, and acts primarily through Mr. Waterbury, but DENY the remaining allegations in Paragraph 27 and specifically DENY that Ontario owns any rental property.

28.     DENY the allegations in Paragraph 28 of the Second Amended Complaint, and specifically DENY any acts or omissions by Ontario or E&A.

29.     DENY the allegations in Paragraph 29 of the Second Amended Complaint, and specifically DENY any acts or omissions by Ontario or E&A.

## FACTUAL BACKGROUND

30.     ADMIT the allegations in Paragraph 30 of the Second Amended Complaint.

31.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 31 of the Second Amended Complaint and therefore, DENY same.

32.     DENY the allegations in Paragraph 32 of the Second Amended Complaint.

33.     ADMIT only that Defendants Waterbury and E & A do business in the Oswego area, but DENY the remaining characterizations in Paragraph 33 of the Second Amended Complaint.

34.     DENY the allegations in Paragraph 34 of the Second Amended Complaint.

35.     DENY the allegations in Paragraph 35 of the Second Amended Complaint as stated, and ADMIT only that Mr. Waterbury owns multiple multi-family residential properties in Oswego.

36.     ADMIT only that Mr. Waterbury has advertised on Craigslist and in newspapers, but DENY the remaining allegations in Paragraph 36 of the Second Amended Complaint.

37.     DENY the allegations in Paragraph 37 of the Second Amended Complaint as stated.

38.     DENY the allegations in Paragraph 38 of the Second Amended Complaint.

39.     DENY the allegations in Paragraph 39 of the Second Amended Complaint.

40.     DENY the allegations in Paragraph 40 of the Second Amended Complaint.

41.     ADMIT only that Mr. Waterbury and E&A engage in typical rental practice and require first, last month's rent as well as security deposit.  Defendants DENY the remaining allegations in Paragraph 41 of the Second Amended Complaint.

42.     DENY the allegations in Paragraph 42 of the Second Amended Complaint.

43.     DENY the allegations in Paragraph 43 of the Second Amended Complaint.

44.     DENY the allegations in Paragraph 44 of the Second Amended Complaint.

45.     DENY the allegations in Paragraph 45 of the Second Amended Complaint.

46.     DENY the allegations in Paragraph 46 of the Second Amended Complaint.

47.     DENY the allegations in Paragraph 47 of the Second Amended Complaint.

48.     DENY the allegations in Paragraph 48 of the Second Amended Complaint.

49.     DENY the allegations in Paragraph 49 of the Second Amended Complaint.

50.     DENY the allegations in Paragraph 50 of the Second Amended Complaint.

51.     DENY the allegations in Paragraph 51 of the Second Amended Complaint.

52.     ADMIT only that Mr. Waterbury exercised his legal right to assert counterclaims to recover damages against certain Plaintiffs, but DENY the remaining allegations in Paragraph 52 of the Second Amended Complaint.

53.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 53 of the Second Amended Complaint and therefore, DENY same.

54.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 54 of the Second Amended Complaint and therefore, DENY same.

55.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 55 of the Second Amended Complaint and therefore, DENY same.

56.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 56 of the Second Amended Complaint and therefore, DENY same.

**PLAINTIFF AMIJO JORDAL:**

57.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 57 of the Second Amended Complaint and therefore, DENY same.

58.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 58 of the Second Amended Complaint and therefore, DENY same.

59.     DENY the allegations in Paragraph 59 of the Second Amended Complaint.

60.     DENY the allegations in Paragraph 60 of the Second Amended Complaint.

61.     DENY the allegations in Paragraph 61 of the Second Amended Complaint.

62.     DENY the allegations in Paragraph 62 of the Second Amended Complaint.

63.     DENY the allegations in Paragraph 63 of the Second Amended Complaint.

64.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 64 of the Second Amended Complaint and therefore, DENY same.

**PLAINTIFF TIPHANI CARBONE:**

65.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 65 of the Second Amended Complaint and therefore, DENY same.

66.    DENY the allegations in Paragraph 66 of the Second Amended Complaint.

67.    DENY the allegations in Paragraph 67 of the Second Amended Complaint.

68.    ADMIT the allegations in Paragraph 68 of the Second Amended Complaint, upon information and belief, but without specifying the time frame

69.    DENY the allegations in Paragraph 69 of the Second Amended Complaint.

70.    DENY the allegations in Paragraph 70 of the Second Amended Complaint.

71.    DENY the allegations in Paragraph 71 of the Second Amended Complaint.

72.    DENY the allegations in Paragraph 72 of the Second Amended Complaint.

73.    ADMIT only that Plaintiff Carbone initiated contact with Defendant Waterbury via phone to inquire about an apartment, but DENY the remaining allegations in Paragraph 73 of the Second Amended Complaint.

74.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 74 of the Second Amended Complaint and therefore, DENY same.

75.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 75 of the Second Amended Complaint and therefore, DENY same.

76.    DENY the allegations in Paragraph 76 of the Second Amended Complaint.

77.    DENY the allegations in Paragraph 77 of the Second Amended Complaint.

78.     DENY that Mr. Waterbury harassed Plaintiff Carbone and LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the remaining allegations in Paragraph 78 of the Second Amended Complaint and therefore, DENY same.

79.     DENY that Mr. Waterbury harassed Plaintiff Carbone or otherwise acted unlawfully, and aver upon information and belief there were a substantial number of other properties available to Plaintiff Carbone not owned or managed by Defendants.  Defendants LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the remaining allegations in Paragraph 79 of the Second Amended Complaint and therefore, DENY same.

**PLAINTIFFS AMALEAH SPICER AND EMILY HAMELIN:**

80.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 80 of the Second Amended Complaint and therefore, DENY same.

81.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 81 of the Second Amended Complaint and therefore, DENY same.

82.     ADMIT only that Plaintiff Spicer contacted Mr. Waterbury and made an appointment to view an apartment, but LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the remaining allegations in Paragraph 82 of the Second Amended Complaint and therefore, DENY same.

83.     ADMIT the allegations in Paragraph 83 of the Second Amended Complaint, upon information and belief.

84.     ADMIT the allegations in Paragraph 84 of the Second Amended Complaint, upon information and belief.

85.     DENY the allegations in Paragraph 85 of the Second Amended Complaint.

86.     DENY the allegations in Paragraph 86 of the Second Amended Complaint.

87.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 87 of the Second Amended Complaint and therefore, DENY same.

88.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 88 of the Second Amended Complaint and therefore, DENY same.

89.     ADMIT only that Plaintiff Spicer contacted Mr. Waterbury to inquire about housing for herself and Ms. Hamelin, but LACK KNOWLEDGE OR INFORMATION as to the remaining allegations in Paragraph 89 of the Second Amended Complaint and therefore, DENY same.

90.     DENY the allegations in Paragraph 90 of the Second Amended Complaint.

91.     DENY the allegations in Paragraph 91 of the Second Amended Complaint.

92.     DENY the allegations in Paragraph 92 of the Second Amended Complaint.

93.     DENY the allegations in Paragraph 93 of the Second Amended Complaint.

94.     DENY the allegations in Paragraph 94 of the Second Amended Complaint.

95.     DENY the allegations in Paragraph 95 of the Second Amended Complaint.

96.     DENY the allegations in Paragraph 96 of the Second Amended Complaint.

97.     DENY the allegations in Paragraph 97 of the Second Amended Complaint.

98.     LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 98 and specifically DENY references to demanding sexual favors.

99.     DENY the allegations in Paragraph 99 of the Second Amended Complaint.

100.    DENY that Plaintiff Spicer was subject to any sexual requests by Mr. Waterbury, and LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the remaining allegations in Paragraph 100 of the Second Amended Complaint and therefore, DENY same.

101.    DENY that Mr. Waterbury harassed Plaintiff Hamelin or made sexual demands to her, and LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the

remaining allegations in Paragraph 101 of the Second Amended Complaint and therefore, DENY same.

      102.    DENY the allegations in Paragraph 102 of the Second Amended Complaint.

**PLAINTIFFS SARITA ARELLANO AND ANGEL BARDIN:**

      103.    Defendants ADMIT that Plaintiffs Arellano and Bardin were tenants of Mr. Waterbury in 2017 but LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the remaining allegations in Paragraph 103 of the Second Amended Complaint and therefore, DENY same.

      104.    DENY the allegations in Paragraph 104 of the Second Amended Complaint.

      105.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 105 of the Second Amended Complaint and therefore, DENY same.

      106.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 106 of the Second Amended Complaint and therefore, DENY same.

      107.    ADMIT the allegations in Paragraph 107 of the Second Amended Complaint.

      108.    ADMIT the allegations in Paragraph 108 of the Second Amended Complaint, upon information and belief.

      109.    ADMIT the allegations in Paragraph 109 of the Second Amended Complaint.

      110.    ADMIT only to discussing rental terms for apartments and suggesting a 2 year lease; Mr. Waterbury did not "insist" on anything.

      111.    DENY the allegations in Paragraph 111 of the Second Amended Complaint.

      112.    ADMIT the allegations in Paragraph 112 of the Second Amended Complaint.

      113.    ADMIT only that Mr. Waterbury offered to accept a payment plan, but DENY offering to waive any fees or security deposit.

114.    ADMIT the allegations in Paragraph 114 of the Second Amended Complaint, upon information and belief.

115.    ADMIT the allegations in Paragraph 115 of the Second Amended Complaint, upon information and belief.

116.    DENY the allegations in Paragraph 116 of the Second Amended Complaint.

117.    DENY the allegations in Paragraph 117 of the Second Amended Complaint.

118.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 118 of the Second Amended Complaint and therefore, DENY same, but specifically DENY that Mr. Waterbury made such requests.

119.    DENY the allegations in Paragraph 119 of the Second Amended Complaint.

120.    DENY the allegations in Paragraph 120 of the Second Amended Complaint.

121.    DENY the allegations in Paragraph 121 of the Second Amended Complaint.

122.    ADMIT the allegations in Paragraph 122 of the Second Amended Complaint.

123.    DENY the allegations in Paragraph 123 of the Second Amended Complaint.

124.    DENY the allegations in Paragraph 124 of the Second Amended Complaint.

125.    DENY the allegations in Paragraph 125 of the Second Amended Complaint.

126.    DENY the allegations in Paragraph 126 of the Second Amended Complaint and specifically aver that any credit card charges were authorized in advance.  Mr. Waterbury further avers that Plaintiffs made no rental payments subsequent to August 4, 2017, although they continued to reside in the unit for several months thereafter.

127.    DENY the allegations in Paragraph 127 of the Second Amended Complaint.

128.    ADMIT only that Mr. Waterbury exercised his legal right to bring a counterclaim against Plaintiffs Arellano and Bardin for unpaid rent, but DENY that such act was retaliatory or without justification.

129.   DENY the allegations in Paragraph 129 of the Second Amended Complaint.

**PLAINTIFF STEPHANIE YABLONSKI:**

130.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 130 of the Second Amended Complaint and therefore, DENY same.

131.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 131 of the Second Amended Complaint and therefore, DENY same.

132.   ADMIT generally the allegations in Paragraph 132 of the Second Amended Complaint as they relate to discussions, but specifically DENY that Plaintiff Yablonski stated a rent limitation.

133.   ADMIT only that Mr. Waterbury did show Plaintiff Yablonski rental units, but DENY the remaining allegations in Paragraph 133 of the Second Amended Complaint as related to alleged discussions.

134.   ADMIT the allegations in Paragraph 134 of the Second Amended Complaint.

135.   ADMIT only that there were concerns with the physical condition of the property (which were addressed by agreement) and that Mr. Waterbury told Plaintiff Yablonski he would consider a rent to own agreement, but DENY the remaining allegations in Paragraph 135 of the Second Amended Complaint.

136.   DENY the allegations in Paragraph 136 of the Second Amended Complaint.

137.   DENY the allegations in Paragraph 137 of the Second Amended Complaint.

138.   ADMIT only that Mr. Waterbury and Plaintiff Yablonski discussed terms and conditions of the rental agreement, but DENY the characterizations of such discussions as alleged in Paragraph 138 of the Second Amended Complaint.

139.   ADMIT only that a rent to own agreement was signed, but LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to Plaintiff Yablonski's state

of mind and the remaining allegations in Paragraph 139 of the Second Amended Complaint and therefore, DENY same.

140.   DENY the allegations in Paragraph 140 of the Second Amended Complaint.

141.   DENY the allegations in Paragraph 141 of the Second Amended Complaint.

142.   DENY the allegations in Paragraph 142 of the Second Amended Complaint.

143.   DENY the allegations in Paragraph 143 of the Second Amended Complaint.

144.   DENY the allegations in Paragraph 144 of the Second Amended Complaint.

145.   DENY the allegations in Paragraph 145 of the Second Amended Complaint.

146.   DENY the allegations in Paragraph 146 of the Second Amended Complaint.

147.   ADMIT only that Mr. Waterbury did remind Plaintiff of her rent obligations as she had fallen behind in payment, but DENY the characterization of the remaining allegations in Paragraph 147 of the Second Amended Complaint.

148.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to Plaintiff Yablonski's state of mind, and specifically DENY any improper conduct attributed to Mr. Waterbury as alleged in Paragraph 148 of the Second Amended Complaint.

149.   ADMIT only that Mr. Waterbury exercised his legal right to bring a counterclaim against Plaintiff Yablonski for unpaid rent, but DENY that such act was retaliatory or without justification.

150.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to Plaintiff Yablonski's state of mind, and specifically DENY any improper conduct attributed to Mr. Waterbury as alleged in Paragraph 150 of the Second Amended Complaint.

**PLAINTIFF CARA CAPPELLETTI:**

151.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 151 of the Second Amended Complaint and therefore, DENY same.

152.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 152 of the Second Amended Complaint and therefore, DENY same.

153.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 153 of the Second Amended Complaint and therefore, DENY same.

154.   ADMIT only that Mr. Waterbury and Plaintiff Cappelletti had discussions regarding rental opportunities and that she was shown apartments for rent, but DENY the remaining allegations in Paragraph 154 of the Second Amended Complaint.

155.   ADMIT generally the allegations in Paragraph 155 of the Second Amended Complaint.

156.   ADMIT only that Plaintiff Cappelletti did sign a lease for $995.00 per month, and state that said document speaks for itself. Defendants specifically DENY the remaining allegations in Paragraph 156 of the Second Amended Complaint.

157.   ADMIT only that Plaintiff Cappelletti and Mr. Waterbury discussed her working to account for some portion of the rent, but DENY the remaining allegations and characterizations of Mr. Waterbury's conduct as alleged in Paragraph 157 of the Second Amended Complaint.

158.   ADMIT that Plaintiff Cappelletti did sign a lease for $995.00 per month, and state that said document speaks for itself.  Defendants further ADMIT that Plaintiff moved in on or about December 2, 2016 as agreed, but DENY the remaining allegations in Paragraph 158 of the Second Amended Complaint.

159.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 159 of the Second Amended Complaint and therefore, DENY same.

160.   ADMIT the allegations in Paragraph 160 of the Second Amended Complaint, and further aver that Plaintiff Cappelletti paid Mr. Waterbury the $450.00 on the same date she signed the lease.

161.   DENY the allegations in Paragraph 161 of the Second Amended Complaint.

162.   DENY the allegations in Paragraph 162 of the Second Amended Complaint.

163.   DENY the allegations in Paragraph 163 of the Second Amended Complaint.

164.   DENY the allegations in Paragraph 164 of the Second Amended Complaint.

165.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 165 of the Second Amended Complaint and as to Plaintiff Cappelletti's state of mind, and therefore, DENY same.

166.   DENY the allegations in Paragraph 166 of the Second Amended Complaint.

167.   DENY the allegations in Paragraph 167 of the Second Amended Complaint.

168.   DENY the allegations in Paragraph 168 of the Second Amended Complaint.

169.   DENY the allegations in Paragraph 169 of the Second Amended Complaint.

170.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 170 of the Second Amended Complaint and as to Plaintiff Cappelletti's state of mind, and therefore, DENY same.

171.   DENY the allegations in Paragraph 171 of the Second Amended Complaint.

172.   DENY the allegations in Paragraph 172 of the Second Amended Complaint.

173.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 173 of the Second Amended Complaint and as to Plaintiff Cappelletti's state of mind, and therefore, DENY same.

174.   DENY the allegations in Paragraph 174 of the Second Amended Complaint.

175.   ADMIT the allegations in Paragraph 175 of the Second Amended Complaint, upon information and belief.

176.   DENY the allegations in Paragraph 176 of the Second Amended Complaint.

177.   DENY the allegations in Paragraph 177 of the Second Amended Complaint.

178.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 178 of the Second Amended Complaint and as to Plaintiff Cappelletti's state of mind, and therefore, DENY same.

179.   DENY the allegations in Paragraph 179 of the Second Amended Complaint.

180.   DENY the allegations in Paragraph 180 of the Second Amended Complaint.

181.   DENY the allegations in Paragraph 181 of the Second Amended Complaint.

182.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 182 of the Second Amended Complaint and as to Plaintiff Cappelletti's state of mind, and therefore, DENY same.

183.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 183 of the Second Amended Complaint and as to Plaintiff Cappelletti's state of mind, and therefore, DENY same.  Defendants further aver that no Code violation was issued.

184.   ADMIT only that Plaintiff Cappelletti did move out, but LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the remaining allegations in Paragraph 184 of the Second Amended Complaint and as to Plaintiff Cappelletti's state of mind, and therefore, DENY same

185.   DENY that there were any personal belongings left in the property, but affirmatively state that the property was left in disrepair which formed the basis for withholding a portion of the security deposit.

.186.   ADMIT only that Mr. Waterbury exercised his legal right to bring a counterclaim against Plaintiff Cappelletti for unpaid rent, but DENY that such act was retaliatory or without justification.

187.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 187 of the Second Amended Complaint and as to Plaintiff Cappelletti's state of mind, and therefore, DENY same.  Defendants further specifically DENY any unlawful harassment.

## INJURY TO PLAINTIFFS

188.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 188 of the Second Amended Complaint and therefore, DENY same. Defendants further specifically DENY the conduct attributed to them in Paragraph 184 of the Second Amended Complaint.

189.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 189 of the Second Amended Complaint, and therefore, DENY same. Defendants further specifically DENY any unlawful harassment.

190.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 190 of the Second Amended Complaint, and therefore, DENY same. Defendants further specifically DENY any unlawful harassment or discriminatory conduct.

191.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 191 of the Second Amended Complaint, and therefore, DENY same. Defendants further specifically DENY any unlawful harassment or discriminatory conduct.

192.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 192 of the Second Amended Complaint, and therefore, DENY same. Defendants further specifically DENY any unlawful harassment or discriminatory conduct.

193.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 193 of the Second Amended Complaint, and therefore, DENY same. Defendants further specifically DENY any unlawful harassment or discriminatory conduct.

194.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 194 of the Second Amended Complaint, and therefore, DENY same. Defendants further specifically DENY any unlawful harassment or discriminatory conduct.

195.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 195 of the Second Amended Complaint, and therefore, DENY same. Defendants further specifically DENY any unlawful harassment or discriminatory conduct.

196.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 196 of the Second Amended Complaint, and therefore, DENY same. Defendants further specifically DENY any unlawful harassment or discriminatory conduct.

197.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 197 of the Second Amended Complaint, and therefore, DENY same. Defendants further specifically DENY any unlawful harassment or discriminatory conduct.

198.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 198 of the Second Amended Complaint, and therefore, DENY same. Defendants further specifically DENY any unlawful harassment or discriminatory conduct.

199.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 199 of the Second Amended Complaint, and therefore, DENY same. Defendants further specifically DENY any unlawful harassment or discriminatory conduct.

200.    LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 200 of the Second Amended Complaint, and therefore, DENY same. Defendants further specifically DENY any unlawful harassment or discriminatory conduct.

201.   DENY the allegations in Paragraph 201 of the Second Amended Complaint.

202.   LACK KNOWLEDGE OR INFORMATION sufficient to form a belief as to the allegations in Paragraph 202 of the Second Amended Complaint, and therefore, DENY same. Defendants further specifically DENY any unlawful harassment or discriminatory conduct.

203.   DENY the allegations in Paragraph 203 of the Second Amended Complaint.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**
**VIOLATION OF FAIR HOUSING ACT, 42 U.S.C. § 3601, *et seq.***

204.   Defendants repeat and reallege all previous responses to the allegations as if fully set forth herein.

205.   DENY the allegations in Paragraph 205 of the Second Amended Complaint.

206.   DENY the allegations in Paragraph 206 of the Second Amended Complaint.

207.   DENY the allegations in Paragraph 207 of the Second Amended Complaint and each of its subparts.  (LANGUAGE ADDED)

208.   DENY the allegations in Paragraph 208 of the Second Amended Complaint.

209.   DENY the allegations in Paragraph 209 of the Second Amended Complaint.

**AS FOR A SECOND CAUSE OF ACTION**
**(ALL PLAINTIFFS AGAINST ALL DEFENDANTS)**
**VIOLATION OF NEW YORK EXECUTIVE LAW § 296**

210.   Defendants repeat and reallege all previous responses to the allegations as if fully set forth herein.

211.   DENY the allegations in Paragraph 211 of the Second Amended Complaint and each of its subparts.

212.   DENY the allegations in Paragraph 212 of the Second Amended Complaint.

213.   Defendants DENY each and every allegation in the Second Amended Complaint not specifically admitted or otherwise controverted above.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

214.   The Second Amended Complaint, in whole or in part, fails to set forth a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

215.   Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

216.   Plaintiffs failed to mitigate damages, if any.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

217.   Plaintiffs did not engage in protected activity.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

218.   Plaintiff CNY Fair Housing lacks standing.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

219.   Some or all of Plaintiffs' claims are barred by the doctrine of laches and/or unclean hands.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

220.   Some or all of Plaintiffs' claims are barred by the doctrine of after acquired evidence.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

221.   Even assuming *arguendo* any liability, Plaintiffs are entitled only to nominal damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

222.    Defendants E&A and Ontario are not necessary parties.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

223.    Defendant Ontario is not an owner or manager of rental property or housing.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

224.    Any actions taken by Defendants were done in good faith.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

225.    Plaintiffs are not entitled to recover punitive damages, and any award for punitive damages would violate the due process clause under the United States Constitution and the New York State Constitution.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

226.    Plaintiffs were not denied housing and/or did not suffer any tangible loss of housing benefits.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

227.    Plaintiffs were not subjected to conduct that was severe, pervasive or unwelcome.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

228.    Plaintiffs' claims are barred in whole or in part by the avoidable consequences doctrine, as Plaintiffs failed to exercise reasonable care and diligence to avoid the alleged harm or loss that could have been prevented by reasonable efforts.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

229.    Plaintiffs are estopped from pursing the Second Amended Complaint by virtue of their own actions and course of conduct.

## SECOND COUNTERCLAIM: BREACH OF CONTRACT
### (Plaintiff Bardin)

230.    Defendants repeat and reallege all previous responses as if fully set forth herein.

231.   Plaintiff Bardin, Mr. Waterbury and E&A entered into a Lease on May 26, 2017 whereby Plaintiff Bardin agreed to lease a rental unit.

232.   The property that is the subject of the Lease is located at 16 E. 6th Street, Oswego, New York.

233.   Pursuant to the terms of the Lease, Mr. Waterbury and E&A were obligated to provide housing to Plaintiff Bardin and have done so since the commencement of the Lease.

234.   Pursuant to the terms of the Lease, Plaintiff Bardin was obligated to pay a monthly rent of $1,195.00.

235.   As explained in the Lease, a late fee of $100.00 is charged for each month in which rent is paid late.

236.   Upon information and belief, Plaintiff Bardin breached her obligations under the Lease by failing to pay rent for at least the past 6 months, but continues to reside in the leased unit.

237.   Upon information and belief, the rent Plaintiff Bardin owes Mr. Waterbury and E&A continues to accrue and remains unpaid.

238.   Because of Plaintiff Bardin's failure to pay rent, Defendants have suffered damages of at least $9,055.00 for unpaid rent, late fees for the unpaid rent and have also suffered additional damages for the cost of this action and attorneys' fees, together with pre and post-judgment interest as authorized by the New York Civil Practice Law and Rules ("CPLR").

## SECOND COUNTERCLAIM:  UNJUST ENRICHMENT
### (Plaintiff Bardin)

239.   Defendants repeat and reallege all previous responses as if fully set forth herein.

240.   As set forth above, Plaintiff Bardin has been unjustly enriched at Mr. Waterbury and E&A's expense by failing to pay rent.

241.    It is against equity and good conscience to permit Plaintiff Bardin to keep the financial benefits of failing to pay rent.

242.    Defendants are entitled to recover from Plaintiff Bardin at least $9,055.00 for unpaid rent that is currently due, including late fees for late rent payments, and additional unpaid rent which continues to accrue, together with pre and post-judgment interest as authorized by the CPLR.

### THIRD COUNTERCLAIM: BREACH OF CONTRACT
**(Plaintiff Arellano)**

243.    Defendants repeat and reallege all previous responses as if fully set forth herein.

244.    Plaintiff Arellano, Mr. Waterbury and E&A entered into a Lease on May 26, 2017 whereby Plaintiff Arellano agreed to lease a rental unit.

245.    Plaintiff Arellano signed the Lease as "Sara Seales."

246.    The property that is the subject of the Lease is located at 16 E. 6th Street, Oswego, New York.

247.    Pursuant to the terms of the Lease, Mr. Waterbury and E&A were obligated to provide housing to Plaintiff Arellano and have done so since the commencement of the Lease.

248.    Pursuant to the terms of the Lease, Plaintiff Arellano was obligated to pay a monthly rent of $ 1,195.00.

249.    As explained in the Lease, a late fee of $100.00 is charged for each month in which rent payment is late.

250.    Upon information and belief, Plaintiff Arellano breached her obligations under the Lease by failing to pay rent for at least the past 6 months, but continues to reside in the leased unit.

251.    Upon information and belief, the rent Plaintiff Arellano owes continues to accrue and remains unpaid.

252.   Because of Plaintiff Arellano's failure to pay rent, Defendants have suffered damages of at least $9,055.00 for unpaid rent, late fees for the unpaid rent and have also suffered additional damages for the cost of this action and attorneys' fees, together with pre and post-judgment interest as authorized by the CPLR.

## FOURTH COUNTERCLAIM:  UNJUST ENRICHMENT
### (Plaintiff Arellano)

253.   Defendants repeat and reallege all previous responses as if fully set forth herein.

254.   As set forth above, Plaintiff Arellano has been unjustly enriched at Defendants' expense by failing to pay rent.

255.   It is against equity and good conscience to permit Plaintiff Arellano to keep the financial benefits of failing to pay rent.

256.   Defendants are entitled to recover from Plaintiff Arellano at least $9,055.00 for unpaid rent that is currently due, including late fees for late rent payments, and additional unpaid rent which continues to accrue, together with pre and post-judgment interest as authorized by the CPLR.

## FIFTH COUNTERCLAIM:  BREACH OF CONTRACT
### (Plaintiff Cappelletti)

257.   Defendants repeat and reallege all previous responses as if fully set forth herein.

258.   Plaintiff Cappelletti, Mr. Waterbury and E&A entered into a Lease Agreement ("Lease") on November 9, 2016 whereby Plaintiff Cappelletti agreed to lease a rental unit.

259.   The property that is the subject of the Lease is located at 166 W. Bridge Street, Oswego, New York.

260.   Pursuant to the terms of the Lease, Defendants were obligated to provide housing to Plaintiff Cappelletti and did so since the commencement of the Lease.

261.    Pursuant to the terms of the Lease, Plaintiff Cappelletti was obligated to pay a monthly rent of $795.00.

262.    As explained in the Lease, a late fee of $100.00 is charged for each month in which the rent payment is late.

263.    Upon information and belief, Plaintiff Cappelletti breached her obligations under the Lease by failing to pay rent.

264.    Upon information and belief, Plaintiff Cappelletti further breached her obligations under the Lease by moving out of the rental unit on January 15, 2017 without paying the rental payments she owed under the Lease.

265.    Upon information and belief, the rent Plaintiff Cappelletti owes continues to accrue and remains unpaid.

266.    Because of Plaintiff Cappelletti's failure to pay rent, Defendants have suffered damages of at least $329.60 for unpaid rent, late fees for the unpaid rent and have also suffered additional damages for the cost of this action and attorneys' fees, together with pre and post-judgment interest as authorized by the CPLR.

## SIXTH COUNTERCLAIM:  UNJUST ENRICHMENT
### (Plaintiff Cappelletti)

267.    Defendants repeat and reallege all previous responses as if fully set forth herein.

268.    As set forth above, Plaintiff Cappelletti has been unjustly enriched at Defendants' expense by failing to pay rent.

269.    It is against equity and good conscience to permit Plaintiff Cappelletti to keep the financial benefits of failing to pay rent.

270.    Defendants are entitled to recover from Plaintiff Cappelletti at least $329.60 from unpaid rent that is currently due, including late fees for late rent payments, and may also recover

unpaid rent that continues to accrue, together with pre and post-judgment interest as authorized by the CPLR.

## SEVENTH COUNTERCLAIM: BREACH OF CONTRACT
### (Plaintiff Yablonski)

271.    Defendants repeat and reallege all previous responses as if fully set forth herein.

272.    Plaintiff Yablonski and Mr. Waterbury entered into a Rent to Own Agreement ("Agreement") on April 24, 2016 whereby Plaintiff Yablonski agreed to rent a home from Mr. Waterbury with the option to purchase the home after a two (2) year rental period.

273.    The property that is the subject of the Agreement is located at 4256 State Rt. 104, New Haven, New York.

274.    Pursuant to the terms of the Agreement, Mr. Waterbury was obligated to provide housing to Plaintiff Yablonski and has done so since the commencement of the Agreement.

275.    Pursuant to the terms of the Agreement, Plaintiff Yablonski was required to pay a monthly rent of $1,192.17 to Mr. Waterbury over the course of the 2 year rental period.

276.    As provided in the Agreement, Plaintiff Yablonski was also obligated to pay $628.30 per month as an "Escrow" payment, which was to cover the cost of real property taxes and insurance on the property.

277.    As explained in the Agreement, a late fee of $50.00 is charged for each month in which the rent payment is late.

278.    Plaintiff Yablonski breached her obligations under the Agreement by failing to make any rental, escrow or late fee payments for the entire two year rental period, except for an initial payment of $400.00. Despite not making any payments as required under the Agreement, Plaintiff Yablonski continued to reside on the property and enjoy its use until on or about August 2016.

279.     Plaintiff Yablonski further breached her obligations under the Agreement by moving out of the property without paying Mr. Waterbury the remainder of the rental payments, escrow payments or late fees she owed under the Agreement.

280.     The payments Plaintiff Yablonski owes Mr. Waterbury continued to accrue and remain unpaid until Mr. Waterbury was able to rent the property to a new tenant on or about June 1, 2017.

281.     Because of Plaintiff Yablonski's failure to make timely payments under the Agreement, Mr. Waterbury has suffered damages in the amount of $24,380.20 for unpaid rent, escrow payments and late fees.

282.     Mr. Waterbury has also suffered additional damages for the cost of this counterclaim and attorneys' fees and is entitled to reimbursement of those costs and fees, together with pre and post-judgment interest as authorized by the CPLR.

## EIGHTH COUNTERCLAIM:  UNJUST ENRICHMENT
### (Plaintiff Yablonski)

283.     Defendant Waterbury repeats and realleges all previous responses as if fully set forth herein.

284.     As set forth above, Plaintiff Yablonski has been unjustly enriched at Mr. Waterbury's expense by failing to pay the monthly payments as required in the Agreement.

285.     It is against equity and good conscience to permit Plaintiff Yablonski to keep the financial benefits of failing to pay rent.

286.     Mr. Waterbury is entitled to recover from Plaintiff Yablonski at least $24,380.20 unpaid rent that is currently due, including late fees for late rent payments, and the unpaid taxes and insurance,  together with pre and post-judgment interest as authorized by the CPLR.

{H3255284.1}                                                    26

## NINTH COUNTERCLAIM:  CONVERSION
### (Plaintiff Yablonski)

287.   Defendants repeat and reallege all previous responses as if fully set forth herein.

288.   Mr. Waterbury purchased a $500.00 stainless-steel gas range oven ("oven") and placed it in Plaintiff Yablonski's rental unit for her use while she was a tenant in the unit.

289.   Mr. Waterbury is the lawful and exclusive owner of the oven he purchased.

290.   Upon information and belief, when Plaintiff Yablonski moved out of the rental unit, she stole the oven.

291.   Upon discovering that the oven was stolen, Mr. Waterbury demanded its return from Plaintiff Yablonski, but she failed to respond to such demand or otherwise return the oven.

292.   The oven which Plaintiff Yablonski stole is a specific, identifiable item.

293.   Mr. Waterbury did not authorize Plaintiff Yablonski to take oven when she moved out of the rental unit she leased.

294.   Based on the foregoing, Mr. Waterbury seeks monetary damages of at least $500.00 to recover the cost of Plaintiff Yablonski converting the oven to her own personal use, together with pre and post-judgment interest as authorized by the CPLR.

### JURY DEMAND

Defendants demand a trial by jury.

**WHEREFORE**, Defendants seek judgment dismissing Plaintiffs' Second Amended Complaint in its entirety, damages against Plaintiffs as outlined above and such other relief as the Court may deem just and proper.  Defendants also seek judgment in their favor as set forth in the Counterclaims.

DATED:  February 23, 2018                    **HANCOCK ESTABROOK, LLP**

By:  **/S/ *Lindsey Hazelton***
Linsey H. Hazelton, Esq. (Bar No. 509365)
Robert C. Whitaker, Jr. Esq. (Bar No. 515645)
*Attorneys for Defendants*
1500 AXA Tower I, 100 Madison Street
Syracuse, New York 13202
Telephone: (315) 565-4500 / Facsimile: (315) 565-4600