**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**
**Syracuse Division**

| | |
|---|---|
| CNY Fair Housing, Inc., AmiJo Jordal, Tiphani Carbone, Amaleah Spicer, Emily Hamelin, Sarita Arellano, Angel Bardin, Stephanie Yablonski, and Cara Cappelletti<br><br>Plaintiffs,<br><br>v.<br><br>Douglas Waterbury, E&A Management, Co., and Ontario Realty, Inc.<br><br>Defendants. | Case No. 5:17-cv-868 (MAD/TWD) |

**PLAINTIFFS/COUNTER-DEFENDANTS ANGEL BARDIN, SARITA ARELLANO, CARA CAPPELLETTI, AND STEPHANIE YABLONSKI'S ANSWER TO DEFENDANTS/COUNTER-PLAINTIFFS'AMENDED COUNTERCLAIMS**

Angel Bardin, Sarita Arellano, Cara Cappelletti, and Stephanie Yablonski (collectively "Plaintiffs/Counter-Defendants" file this Answer to Defendants/Counter-Plaintiffs' Amended Counterclaims (Doc. 41).

**FIRST COUNTERCLAIM: BREACH OF CONTRACT**
**(Plaintiff/Counter-Defendant Bardin)**

230. Ms. Bardin denies Defendants/Counter-Plaintiffs' responses as incorporated by reference in Paragraph 230.

231. Ms. Bardin denies the allegations in Paragraph 231.

232. Ms. Bardin admits the allegations in Paragraph 232 only insofar as admitting that the property at issue is located at 16 E. 16th Street, Oswego, New York.

233. Ms. Bardin admits that the text of the lease document provides that Landlord E&A Management Co. would lease housing to Ms. Bardin, but denies the remaining allegations in Paragraph 233.

234. Ms. Bardin admits that the text of the lease document provides that the monthly rent for the property at issue was $1,195.00, but denies the insinuation that the lease is valid and enforceable against Ms. Bardin or that Ms. Bardin has any outstanding or current obligations to any Defendant/Counter-Plaintiff.

235. Ms. Bardin denies the allegations in Paragraph 235.

236. Ms. Bardin denies the allegations in Paragraph 236.

237. Ms. Bardin denies the allegations in Paragraph 237.

238. Ms. Bardin denies the allegations in Paragraph 238.

**SECOND COUNTERCLAIM: UNJUST ENRICHMENT**
**(Plaintiff/Counter-Defendant Bardin)**

239. Ms. Bardin denies Defendants/Counter-Plaintiffs' responses as incorporated by reference in Paragraph 239.

240. Paragraph 240 sets forth a legal conclusion to which no answer is required. To the extent that Paragraph 240 sets forth factual allegations, Ms. Bardin denies all such allegations.

241. Paragraph 241 sets forth a legal conclusion to which no answer is required. To the extent that Paragraph 241 sets forth factual allegations, Ms. Bardin denies all such allegations.

242. Ms. Bardin denies the allegations in Paragraph 242.

**THIRD COUNTERCLAIM: BREACH OF CONTRACT**
**(Plaintiff/Counter-Defendant Arellano)**

243. Ms. Arellano denies Defendants/Counter-Plaintiffs' responses as incorporated by reference in Paragraph 243.

244. Ms. Arellano denies the allegations in Paragraph 244.

245. Ms. Arellano denies the allegations in Paragraph 245.

246. Ms. Arellano admits the allegations in Paragraph 246 only insofar as admitting that the property at issue is located at 16 E. 16th Street, Oswego, New York.

247. Ms. Arellano admits that the text of the lease document provides that Landlord E&A Management Co. would lease housing to Ms. Arellano, but denies the remaining allegations in Paragraph 247.

248. Ms. Arellano admits that the text of the lease document provides that the monthly rent for the property at issue was $1,195.00, but denies the insinuation that the lease is valid and enforceable against Ms. Arellano, or that Ms. Arellano has any outstanding or current obligations to any Defendant/Counter-Plaintiff.

249. Ms. Arellano denies the allegations in Paragraph 249.

250. Ms. Arellano denies the allegations in Paragraph 250.

251. Ms. Arellano denies the allegations in Paragraph 251.

252. Ms. Arellano denies the allegations in Paragraph 252.

**FOURTH COUNTERCLAIM: UNJUST ENRICHMENT**
**(Plaintiff/Counter-Defendant Arellano)**

253. Ms. Arellano denies Defendants/Counter-Plaintiffs' responses as incorporated by reference in Paragraph 253.

254. Paragraph 254 sets forth a legal conclusion to which no answer is required. To the extent Paragraph 254 sets forth factual allegations, Ms. Arellano denies all such allegations.

255. Paragraph 255 sets forth a legal conclusion to which no answer is required. To the extent Paragraph 255 sets forth factual allegations, Ms. Arellano denies all such allegations.

256. Ms. Arellano denies the allegations in Paragraph 256.

**FIFTH COUNTERCLAIM: BREACH OF CONTRACT**
**(Plaintiff/Counter-Defendant Cappelletti)**

257. Ms. Cappelletti denies Defendants/Counter-Plaintiffs' responses as incorporated by reference in Paragraph 257.

258. Ms. Cappelletti denies the allegations in Paragraph 258.

259. Ms. Cappelletti admits the allegations in Paragraph 259 only insofar as admitting that the property at issue is located at 166 W. Bridge Street, Oswego, New York.

260. Ms. Cappelletti admits that the text of the lease document provides that Landlord E&A Management Co. would lease housing to Ms. Cappelletti, but denies the remaining allegations in Paragraph 260.

261. Ms. Cappelletti admits that the text of the lease document provides that the monthly rent for the property at issue was $795.00, but denies the insinuation that the lease is valid and enforceable against Ms. Cappelletti or that Ms. Cappelletti has any outstanding or current obligations to any Defendant/Counter-Plaintiff.

262. Ms. Cappelletti denies the allegations in Paragraph 262.

263. Ms. Cappelletti denies the allegations in Paragraph 263.

264. Ms. Cappelletti denies the allegations in Paragraph 264.

265. Ms. Cappelletti denies the allegations in Paragraph 265.

266. Ms. Cappelletti denies the allegations in Paragraph 266.

**SIXTH COUNTERCLAIM: UNJUST ENRICHMENT**
**(Plaintiff/Counter-Defendant Cappelletti)**

267. Ms. Cappelletti denies Defendants/Counter-Plaintiffs' responses as incorporated by reference in Paragraph 267.

268. Paragraph 268 sets forth a legal conclusion to which no answer is required. To the extent Paragraph 268 sets forth factual allegations, Ms. Cappelletti denies all such allegations.

269. Paragraph 269 sets forth a legal conclusion to which no answer is required. To the extent Paragraph 269 sets forth factual allegations, Ms. Cappelletti denies all such allegations.

270. Ms. Cappelletti denies the allegations in Paragraph 270.

**SEVENTH COUNTERCLAIM: BREACH OF CONTRACT**
**(Plaintiff/Counter-Defendant Yablonski)**

271. Ms. Yablonski denies Defendants/Counter-Plaintiffs' responses as incorporated by reference in Paragraph 271.

272. Ms. Yablonski lacks sufficient information to admit or deny the allegations in Paragraph 272 and, on that basis, denies the allegations.

273. Ms. Yablonski admits the allegations in Paragraph 273 only insofar as admitting that the property at issue is located at 4256 State Rt. 104, New Haven, New York.

274. Ms. Yablonski denies that Mr. Waterbury has provided housing to her "since the commencement of the agreement," as she has not resided at the property at issue since 2016. Ms. Yablonski lacks sufficient information to admit or deny the remaining allegations in Paragraph 274 and, on that basis, denies the allegations.

275. Ms. Yablonski lacks sufficient information to admit or deny the allegations in Paragraph 275 and, on that basis, denies the allegations.

276. Ms. Yablonski lacks sufficient information to admit or deny the allegations in Paragraph 276 and, on that basis, denies the allegations.

277. Ms. Yablonski lacks sufficient information to admit or deny the allegations in Paragraph 277 and, on that basis, denies the allegations.

278. Ms. Yablonski denies the allegations in Paragraph 278.

279. Ms. Yablonski denies the allegations in Paragraph 279.

280. Ms. Yablonski lacks sufficient information regarding whether Mr. Waterbury was able to rent the property to a new tenant on or about June 1, 2017. Ms. Yablonski denies the remaining allegations in Paragraph 280.

281. Ms. Yablonski denies the allegations in Paragraph 281.

282. Ms. Yablonski denies the allegations in Paragraph 282.

## EIGHTH COUNTERCLAIM: UNJUST ENRICHMENT
**(Plaintiff/Counter-Defendant Yablonski)**

283. Ms. Yablonski denies Defendants/Counter-Plaintiffs' responses as incorporated by reference in Paragraph 283.

284. Paragraph 284 sets forth a legal conclusion to which no answer is required. To the extent that Paragraph 284 sets forth factual allegations, Ms. Yablonski denies all such allegations.

285. Paragraph 285 sets forth a legal conclusion to which no answer is required. To the extent that Paragraph 285 sets forth factual allegations, Ms. Yablonski denies all such allegations.

286. Ms. Yablonski denies the allegations in Paragraph 286.

**NINTH COUNTERCLAIM: CONVERSION**
**(Plaintiff/Counter-Defendant Yablonski)**

287. Ms. Yablonski denies Defendants/Counter-Plaintiffs' responses as incorporated by reference in Paragraph 287.

288. Ms. Yablonski lacks sufficient information to admit or deny the allegations in Paragraph 288 and, on that basis, denies the allegations, except Ms. Yablonski admits that at some point during her occupancy of the property there was an oven in the residence.

289. Ms. Yablonski lacks sufficient information to admit or deny the allegations in Paragraph 289 and, on that basis, denies the allegations.

290. Ms. Yablonski denies the allegations in Paragraph 290.

291. Ms. Yablonski denies the allegations in Paragraph 291.

292. Paragraph 292 sets forth a legal conclusion to which no answer is required. To the extent that Paragraph 292 sets forth factual allegations, Ms. Yablonski denies all such allegations.

293. Ms. Yablonski lacks sufficient information to admit or deny the allegations in Paragraph 293 and, on that basis, denies the allegations.

294. Ms. Yablonski denies that Mr. Waterbury is entitled to any damages or pre- and post-judgement interest as alleged in Paragraph 294.

**GENERAL DENIAL**

Plaintiffs/Counter-Defendants deny each and every allegation of Defendants/Counter-Plaintiffs' Amended Counterclaims not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

Plaintiffs/Counter-Defendants assert the following affirmative defenses to each and every allegation of Defendants/Counter-Plaintiffs' Amended Counterclaims. Plaintiffs/Counter-

Defendants' affirmative defenses should not be construed as an admission or assumption as to the burden of proof where the burden of proof rests on Defendants/Counter-Plaintiffs.

**FIRST AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs breached the warranty of habitability for the properties at issue.

**SECOND AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs' Amended Counterclaims are barred by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs/Counter-Defendants were unlawfully constructively evicted from the properties at issue.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs/Counter-Defendants do not owe any debt or have any current or outstanding obligations to Defendants/Counter-Plaintiffs.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs/Counter-Defendants dispute the amount of debt Defendants/Counter-Plaintiffs claim to be owed.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs violated their duty of good faith and fair dealing in their interactions with Plaintiffs/Counter-Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs failed to mitigate their damages by re-renting the properties at issue within a reasonable period of time.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs are not entitled to payments for the periods in which Defendants/Counter-Plaintiffs rented the properties at issue to other tenants.

**NINTH AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs have brought their Amended Counterclaims against Plaintiffs/Counter-Defendants in retaliation for Plaintiffs/Counter-Defendants' exercise of their rights under the federal Fair Housing Act, in violation of 42 U.S.C. § 3617, and the New York States Human Rights Law, in violation of N.Y. Executive Law §§ 296-7.

**TENTH AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs' Amended Counterclaims are barred by the doctrine of equitable estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

The contracts Defendants/Counter-Plaintiffs seek to enforce against Plaintiffs/Counter-Defendants are unconscionable, not valid, or otherwise unenforceable against Plaintiffs/Counter-Defendants.

**TWELFTH AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs' Amended Counterclaims are barred by the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction over Defendants/Counter-Plaintiffs' Amended Counterclaims.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs' Amended Counterclaims are barred by the doctrine of unjust enrichment.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendants/Counter-Plaintiffs cannot simultaneously pursue claims in law and in equity against Plaintiffs/Counter-Defendants and thus Defendants/Counter-Plaintiffs' Amended Counterclaims must be dismissed.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs/Counter-Defendants are entitled to a set-off of any damages Defendants/Counter-Plaintiffs claim to be owed because Defendants/Counter-Plaintiffs are liable for the damages Plaintiffs/Counter-Defendants have sought in their action against Defendants/Counter-Plaintiffs, including damages for emotional distress caused by Defendants/Counter-Plaintiffs' harassment and the economic damages alleged in Plaintiffs/Counter-Defendants' First Amended Complaint, including security deposits that Defendants have unlawfully withheld and not returned to Plaintiffs/Counter-Defendants.

**SEVENTEETH AFFIRMATIVE DEFENSE**

The contracts at issue were terminated by mutual consent of the parties.

**WHEREFORE**, Plaintiffs/Counter-Defendants pray that Defendants/Counter-Plaintiffs' Amended Counterclaims be dismissed, that Plaintiffs/Counter-Defendants be awarded their attorneys' fees and costs, and that Plaintiffs/Counter-Defendants are granted other relief as this Court deems just and proper.

Dated: March 16, 2018

Respectfully submitted,

/s/ Jia M. Cobb
Megan Cacace (admitted *pro hac vice*)
Jia M. Cobb (admitted *pro hac vice*)
Yiyang Wu (admitted *pro hac vice*)

RELMAN, DANE & COLFAX PLLC
1225 19th Street, N.W., Suite 600
Washington, D.C. 20036
(202) 728-1888
(202) 728-0848 (facsimile)
mcacace@relmanlaw.com
jcobb@relmanlaw.com
ywu@relmanlaw.com

Conor Kirchner
CNY Fair Housing, Inc.
731 James Street
Syracuse, NY 13203
(315) 471-0420
cjkirchn@cnyfairhousing.org

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2018, I filed the foregoing Plaintiffs/Counter-Defendants' Answer to Defendants/Counter-Plaintiffs' Amended Counterclaims on CM/ECF, which shall serve as notice of filing on all counsel of record.

/s/ Jia M. Cobb
Jia M. Cobb

Attorney for Plaintiff