# EXHIBIT

# A

UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| CNY FAIR HOUSING, INC.,<br>AMIJO JORDAL, TIPHANI CARBONE,<br>AMALEAH SPICER, EMILY HAMELIN,<br>SARITA ARELLANO, ANGEL BARDIN,<br>STEPHANIE YABLONSKI, and<br>CARA CAPPELLETTI, | Civil Action No.: 5:17-cv-868<br>(MAD-TWD) |

      Plaintiffs,

 vs.

DOUGLAS S. WATERBURY,
E&A MANAGEMENT CO., and
ONTARIO REALTY, INCORPORATED,

      Defendants.

---

  **I.**  **INTRODUCTION**

  1.  Plaintiffs CNY Fair Housing, Inc.; AmiJo Jordal; Tiphani Carbone; Amaleah Spicer; Emily Hamelin; Sarita Arellano; Angel Bardin; Stephanie Yablonski; and Cara Cappelletti (collectively "Plaintiffs") initiated this Action against Defendants Douglas Waterbury; E&A Management, Co.; and Ontario Realty, Inc., ("Defendants") alleging housing discrimination on the basis of sex, in violation of the Fair Housing Act, 42 U.S.C. § 3601, *et seq*. and the New York State Human Rights Law, NY Exec. Law § 296, *et seq*.

  2.  All parties have agreed that in order to avoid protracted and costly litigation, this controversy should be resolved without a trial and adjudication of the facts alleged by Plaintiffs. Therefore, the parties consent to the entry of this Consent Decree.

  3.  This Consent Decree shall not constitute an admission or acknowledgment of liability by Defendants or a determination by the Court on the merits of any claims asserted by Plaintiffs.

4. This agreement constitutes full resolution of all claims asserted against Defendants by Plaintiffs in this Action.

It is hereby ORDERED, ADJUDGED, AND AGREED that:

**II.   SCOPE AND TERM OF CONSENT DECREE**

5. The provisions of the Consent Decree shall apply to Defendants, their employees, agents, assigns, successors-in-interest, all persons in active concert or participation with any of them, and any Management Company or Manager retained pursuant to Paragraph 13 of this Consent Decree, except that the obligation for monetary payment to Plaintiffs shall only bind Defendants and their respective estates.

6. This Consent Decree is effective immediately upon its entry by the Court. For purposes of this Consent Decree, the phrase "date of this Consent Decree" shall refer to the date on which the Court enters this Consent Decree.

7. Unless otherwise specified, the provisions of this Consent Decree shall be in effect for a period of five (5) years from the date of this Consent Decree.

**III.   INJUNCTION**

8. Defendants are hereby enjoined from:

   a. Refusing to rent a dwelling unit, refusing or failing to provide or offer information about a dwelling unit, or otherwise making unavailable or denying a dwelling unit to any person because of sex;

   b. Discriminating against any person in the terms, conditions or privileges of renting a dwelling unit, or in the provision of services or facilities in connection therewith, because of sex;

    c. Making, printing, publishing, or causing to be made, printed, or published any notice, statement, or advertisement with respect to the rental of a dwelling unit that states any preference, limitation, or discrimination based on sex; or

    d. Coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of her having exercised or enjoyed, or on account of her having aided and encouraged any other person in the exercise or enjoyment of, any right granted by 42 U.S.C. §§ 3603-6.

9. Defendants shall not discriminate or retaliate against any person who exercises rights protected under the Fair Housing Act, the New York State Human Rights Law, or this Consent Decree.

10. Defendants shall be permanently prohibited from purposefully or knowingly initiating or making contact or communications, either directly or indirectly, with AmiJo Jordal, Tiphani Carbone, Amaleah Spicer, Emily Hamelin, Sarita Arellano, Angel Bardin, Stephanie Yablonski, and Cara Cappelletti.

11. Defendant Waterbury is hereby permanently enjoined from operating, consulting, managing, staffing, participating in, working in (whether paid or unpaid), or otherwise having any involvement in the management or maintenance of rental housing properties, including but not limited to those owned and/or managed by any other Defendant in this Action. For purposes of this Consent Decree, operating, managing, and/or participating in the management or maintenance of rental housing properties includes creating or posting advertisements for units, showing and renting units, establishing tenant selection criteria, determining whom to accept as tenants and/or evict, making repairs to occupied units, collecting rents, having or making any

contact, either directly or indirectly, with any tenant or prospective tenant of any property owned or managed by any Defendant, and all other aspects of the rental process.

12. Defendant Waterbury is permanently enjoined from entering any rental housing property for which he has any ownership interest, except that he may perform maintenance on completely unoccupied properties, *i.e.* properties in which all units are vacant and have not been rented by any tenant.

13. To the extent that Defendant Waterbury retains any ownership interest in any rental housing properties that are made available for rent, those rental housing properties must be operated and managed by an independent management company or independent manager (hereinafter "Manager"). Within one hundred twenty (120) days of this Consent Decree, Defendant Waterbury will retain a Manager to manage any residential housing property for which he has or acquires any ownership interest. Defendant Waterbury's Manager must be approved by Plaintiff CNY Fair Housing, Inc., in writing. Should CNY Fair Housing, Inc. object to Defendant Waterbury's retention of an otherwise qualified Manager, it must provide an objective and reasonable basis for not approving Defendant Waterbury's retention of the Manager. As used herein, an "independent" management company or manager refers to a professional property manager to whom no Defendant has any financial, personal, or familial connection or interest.

14. Defendant Waterbury shall make diligent efforts to identify a Manager for retention in accordance with Paragraph 13 of this Consent Decree. Defendant Waterbury shall maintain a written log of his efforts to identify an appropriate Manager, including by recording the names of and contact information for any prospective Manager contacted, the dates of contact, a summary of communications with any prospective Manager, the cost of the Manager's

services, and a description of the reason that the prospective Manager was ultimately not retained. Defendant Waterbury agrees to facilitate Plaintiffs' counsel's ability to communicate directly with any prospective Manager contacted or identified by Defendant Waterbury.

15. Carol Waterbury shall retain the right to manage any residential housing property for which Defendant Waterbury has or acquires an ownership interest during the 120-day period set forth in Paragraph 13 of this Consent Decree.

16. Within fourteen (14) days of this Consent Decree, and every other week thereafter until a Manager is retained or the 120-day period expires, whichever comes first, Defendant Waterbury will produce a copy of the log maintained in accordance with Paragraph 14 of this Consent Decree to counsel for Plaintiffs.

17. Any Manager retained in accordance with Paragraph 13 shall:

   a. Be responsible for all aspects of the management of rental housing properties, including showing and renting units, making repairs to occupied units, collecting rents, determining whom to rent to and/or evict, and all other aspects of the rental process;

   b. Implement, subject to Plaintiff CNY Fair Housing, Inc.'s approval, a written policy against sexual harassment, including a formal complaint procedure, also to be approved by Plaintiffs. A copy of this policy and procedure shall be provided to counsel for Plaintiffs within forty-five (45) days of the date of entry of this Consent Decree. Plaintiffs' counsel will either approve or lodge objections to Defendants' written policy within ten (10) days of receipt of the policy from Defendants. In the event of an objection, Defendants will submit a revised policy to Plaintiffs' counsel within ten (10) days of the receipt of the

objections. Within fifteen (15) days of Plaintiffs' approval, the Manager shall distribute a written copy of the policy and procedure to all tenants, and obtain signatures from each tenant to acknowledge receipt. Thereafter, the policy and procedure will be distributed to all new tenants at the time of lease signing.

c. Post an "Equal Housing Opportunity" sign at the rental housing properties, and in any rental office through which the properties are rented. The sign shall indicate that all units are available for rent on a nondiscriminatory basis. The sign is to be approved by CNY Fair Housing, Inc. before it is posted. Such poster shall be placed in a prominent, well-lit, and easily readable location. To the extent the rental housing properties are advertised through an independent rental agency or broker, the Manager shall request that such independent rental agency or broker post the "Equal Housing Opportunity" sign. The Manager shall also include an "Equal Housing Opportunity" logo on all print or online advertisements or postings for rental housing properties.

d. Maintain all records kept in relation to the rental of rental housing properties, and allow counsel for Plaintiffs to inspect and copy all such records upon reasonable notice.

e. Provide any information reasonably related to compliance with this Consent Decree that is requested in writing by counsel for Plaintiffs, including tenant or prospective tenant files, tenant or prospective tenant telephone numbers, fair housing complaints, sexual harassment complaints, all documents related to any such complaints, and advertisements.

18. Notwithstanding the provisions of paragraph 17 of this Consent Decree, Carol Waterbury is permitted to enter and show to prospective tenants any residential housing property that Defendant Waterbury has an interest if there is an exigent circumstance in which the Manager is unavailable to show the residential housing property to prospective tenants. Carol Waterbury will be required to document each occasion she enters and shows a residential housing property, and said documentation will include the date the showing took place and the reason for the Manager's inability to show the residential housing property. Carol Waterbury is required to make said documentation available to Plaintiffs' counsel upon request.

19. Should Defendant Waterbury seek to terminate a Manager during the term of this Consent Decree, he will be required to retain a new Manager, approved by Plaintiff CNY Fair Housing, Inc., in writing, within sixty (60) days of the date of the Manager's termination, consistent with the provisions of paragraph 13 of this Consent Decree.

20. In the event Defendant Waterbury seeks to terminate a Manager during the term of this Consent Decree, he will provide CNY Fair Housing, Inc., through its counsel, with written notice of his intent to terminate the Manager, which must include Defendant Waterbury's justification for the Manager's termination, ten (10) days in advance of the Manager's actual date of termination.

21. CNY Fair Housing, Inc. maintains the right to object to Defendant Waterbury's decision to terminate his Manager or to object to any decision to terminate the Manager before a replacement Manager is identified. Should CNY Fair Housing, Inc. object to Defendant Waterbury's termination of the Manager or to any Manager being terminated before a replacement is identified, CNY Fair Housing, Inc. is required to provide Defendant Waterbury with written notice of its objection within five (5) days of its receipt of Defendant Waterbury's

Notice of Intent to Terminate. If there is any such written objection, the Parties will simultaneously request a status hearing with the Court or submit the issue to a mutually agreeable neutral third-party for resolution. The parties further represent that they will be bound and comply with the neutral third-party's decision.

22.     CNY Fair Housing, Inc. is entitled to request written documentation from Defendant Waterbury to ensure that Defendant Waterbury's termination of the Manager was "for cause" or to evaluate whether the circumstance leading to the termination warrants that the Manager be discharged before a replacement is identified. Cause is defined as a breach or deviation from a material term of the Management Agreement between Defendant Waterbury and the Manager.

23.     Carol Waterbury will be allowed to manage the residential housing properties for the 60-day period Defendant Waterbury is permitted to locate and retain a new Manager if (a) there is no objection from CNY Fair Housing, Inc. to Defendant Waterbury's decision to terminate a Manager before a replacement is identified, (b) the Court or mutually agreed upon neutral third party agrees that Defendant Waterbury can terminate the Manager before any replacement is identified, or (c) the Court or neutral third party agrees that Carol Waterbury can manage the residential housing properties pending resolution of the objection concerning the termination of the Manager. In the event that Carol Waterbury manages the residential housing properties pursuant to the terms of this paragraph, she must agree to adhere to the terms of this Consent Decree.

### IV.     MONETARY SETTLEMENT

24.     Defendants shall pay the total sum of $400,000, which is inclusive of all Plaintiffs' claims for damages, attorneys' fees, and costs sought in this Action ("Settlement

Payment"). The Settlement Payment shall be made in the form of a check payable to Relman, Dane & Colfax IOLTA Account and delivered to Relman, Dane & Colfax, 1225 19th Street NW, Suite 600, Washington, DC, 20036. The Settlement Payment shall be paid in two installments: (a) the first installment of $50,000 must be received by Plaintiffs' counsel on or before June 30, 2019; (b) the second installment of $350,000 must be received by Plaintiffs' counsel within ten (10) days of Defendants' receipt of funds from the lender or by August 15, 2019, whichever is earlier.

### V. MUTUAL RELEASES

25. Plaintiffs and Defendants mutually release, acquit, and forever discharge each other with prejudice, and subject to this Consent Decree, from any and all claims, demands, causes of action, or liabilities, at law or in equity, arising out of the allegations asserted in this Action, or that could have been asserted in this Action, as of the date of this Consent Decree. This release includes any and all claims, demands, actions or causes of action, rights, liabilities, damages, losses, obligations, judgments, suits, matters, and issues of any kind or nature whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, that have been or could have been asserted in the Action or in any court tribunal or proceeding.

26. Nothing in this Section shall preclude Plaintiffs from seeking to enforce the terms of this Consent Decree.

### VI. DISMISSAL

27. The Court shall retain jurisdiction for a period of five (5) years, for the purpose of enforcing or interpreting the provisions of this Consent Decree, after which the case shall be dismissed with prejudice, with all parties to bear their own costs associated with this litigation.

## VII. MISCELLANEOUS TERMS

28. Without further order of the Court, the parties may mutually agree to reasonable extensions of time to carry out any provisions of the Consent Decree. Any such extensions shall be memorialized in writing.

29. The parties to this Consent Order shall endeavor in good faith to resolve informally any differences regarding the interpretation of and compliance with this Consent Decree prior to bringing such matters to the Court for resolution. However, in the event of a failure by Defendants, whether willful or otherwise, to perform in a timely manner any act required by this Consent Decree or in the event of any other act violating any provision hereof, any party may move this Court to reopen the case and impose any remedy authorized by law or equity, including, but not limited to, an order requiring performance or non-performance of certain acts and an award of any damages, costs, and attorneys' fees which may have been occasioned by non-actions or actions.

30. Failure of a party to insist upon strict performance of any provision of this Consent Decree shall not be deemed a waiver of the party's rights or remedies or a waiver by the party of any default by another party in performance or compliance with any term of this Consent Decree.

31. In the event that Defendants are ordered or agree to comply with conditions in the subsequently filed related action, *United States v. Waterbury, et al.*, 5:18-cv-440 (MAD/TWD), that are inconsistent with any provision of this Consent Decree, the parties to this Action can revisit the provisions of this Order to resolve the inconsistency to ensure that Defendants do not have conflicting obligations.

32. This Consent Decree may be signed by the parties in several counterparts, each of which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.

33. Each signatory hereto warrants that he or she is competent and possesses the full and complete authority to covenant to this Consent Decree on behalf of himself, herself, or the party that he or she represents.

The undersigned apply for and consent to the entry of this Consent Decree:

FOR PLAINTIFFS:

Conor Kirchner
CNY Fair Housing, Inc.
713 James Street
Syracuse, New York 13203
(315) 471-0420
cjkirchn@cnyfairhousing.com

Megan Cacace (admitted *pro hac vice*)
Jia M. Cobb (admitted *pro hac vice*)
Yiyang Wu (admitted *pro hac vice*)
Relman, Dane & Colfax PLLC
1225 19th Street, N.W., Suite 600
Washington, DC 20036
(202) 728-1888
mcacace@relmanlaw.com
jcobb@relmanlaw.com
ywu@relmanlaw.com

FOR DEFENDANTS:

Shannon T. O'Connor (517122)
John P. Coghlan (519328)
Goldberg Segalla LLP
5786 Widewaters Parkway
Syracuse, New York 13214
(315) 413-5400
kalweis@goldbergsegalla.com
soconnor@goldbergsegalla.com
jcoghlan@goldbergsegalla.com

IT IS SO ORDERED:

_____
Mae A. D'Agostino
U.S. District Judge

Dated: _____
       Albany, NY

11

CONSENTED TO:

_____
CNY FAIR HOUSING, INC.

Sworn to before me this
17 day of June, 2019

_____
COOPER R SIRWATKA
Notary Public-State of New York
No. 02SI6371251
Qualified in Westchester County
Commission Expires Feb. 20, 2022

CONSENTED TO:

_____
AMIJO JORDAL

Sworn to before me this
17 day of June, 2019

_____
COOPER R SIRWATKA
Notary Public-State of New York
No. 02SI6371251
Qualified in Westchester County
Commission Expires Feb. 20, 2022

CONSENTED TO:

_____
AMALEAH SPICER

Sworn to before me this
17 day of June, 2019

_____
COOPER R SIRWATKA
Notary Public-State of New York
No. 02SI6371251
Qualified in Westchester County
Commission Expires Feb. 20, 2022

CONSENTED TO:

_____
TIPHANI CARBONE

Sworn to before me this
17 day of June, 2019

_____
COOPER R SIRWATKA
Notary Public-State of New York
No. 02SI6371251
Qualified in Westchester County
Commission Expires Feb. 20, 2022

CONSENTED TO:

_____
EMILY HAMELIN

Sworn to before me this
17 day of June, 2019

_____
COOPER R SIRWATKA
Notary Public-State of New York
No. 02SI6371251
Qualified in Westchester County
Commission Expires Feb. 20, 2022

CONSENTED TO:

_____
ANGEL BARDIN

Sworn to before me this
17 day of June, 2019

_____
COOPER R SIRWATKA
Notary Public-State of New York
No. 02SI6371251
Qualified in Westchester County
Commission Expires Feb. 20, 2022

Notary Public                                    Notary Public

CONSENTED TO:                                    CONSENTED TO:

_____                        _____
SARITA ARELLANO                                  CARA CAPPELLETTI

Sworn to before me this                          Sworn to before me this
17 day of June, 2019                             17 day of June, 2019

_____                        _____
Notary Public                                    Notary Public
COOPER R SIRWATKA                                COOPER R SIRWATKA
Notary Public-State of New York                  Notary Public-State of New York
No. 02SI6371251                                  No. 02SI6371251
Qualified in Westchester County                  Qualified in Westchester County
Commission Expires Feb. 20, 2022                 Commission Expires Feb. 20, 2022

CONSENTED TO:

_____
STEPHANIE YABLONSKI

Sworn to before me this
17 day of June, 2019

_____
Notary Public
COOPER R SIRWATKA
Notary Public-State of New York
No. 02SI6371251
Qualified in Westchester County
Commission Expires Feb. 20, 2022

13

CONSENTED TO:

_____
DOUGLAS S. WATERBURY

Sworn to before me this
19th day of June, 2019

_____
Notary Public

CAROLYN A. DASHNAW
Notary Public In The State of New York
Qualified In Onondaga County, No. 01DA5060964
Commission Expires May 28, 20 22

CONSENTED TO:

_____
ONTARIO REALTY, INC.

Sworn to before me this
19 day of June, 2019

_____
Notary Public

CAROLYN A. DASHNAW
Notary Public In The State of New York
Qualified In Onondaga County, No. 01DA5060964
Commission Expires May 28, 20 22

CONSENTED TO:

_____
E&A MANAGEMENT CO.

Sworn to before me this
19 day of June, 2019

_____
Notary Public

CAROLYN A. DASHNAW
Notary Public In The State of New York
Qualified In Onondaga County, No. 01DA5060964
Commission Expires May 28, 20 22

14